## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TYRONE JOHNSON,

      Petitioner,

-vs-                                  Case No.  8:11-CV-2304-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

### ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging the sentences he received following convictions for sale and possession of cocaine entered in 2003 in case number 021518CF by the Fifth Judicial Circuit, Hernando County, Florida  (Dkt. 1).  The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2011), and concludes that the petition is subject to summary dismissal.[1]

The petition alleges that on April 30, 2003, Petitioner was convicted of both possession of crack cocaine and sale of crack cocaine.  He was sentenced to 15 years imprisonment on the sale of cocaine conviction, and 5 years imprisonment on the possession

_____

[1]Rule 4 authorizes a district judge summarily to dismiss a habeas petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *See Granberry v. Greer*, 481 U.S. 129, 135 n.7 (1987).

of cocaine conviction.  The petition alleges that "[i]t has recently been signed into law under the fair sentencing act in which the disparity of powder cocaine and crack cocaine has been brought closer in terms of the sentencing guidelines."  (Dkt. 1 at 1).  Petitioner is referring to the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act"), which reduced sentencing disparities between crack and powder cocaine.  Petitioner asserts that Florida has mandatory penalties for cocaine and crack cocaine offenses, with significantly higher punishments for crack cocaine offenses.  He argues that the Fair Sentencing Act "can...be used to release state inmates." (Dkt. 1 at 4).  Therefore, Petitioner requests that pursuant to the Fair Sentencing Act, this Court reduce his sentence "to put it more in line with the guidelines of powder cocaine." (Id.).

Petitioner is not entitled to federal habeas relief.  First, because Petitioner is a state prisoner serving a sentence imposed after a state conviction, not a federal prisoner serving a sentence based on a federal conviction, the changes in federal sentencing law on which he relies do not apply to his sentence.  The federal sentencing laws apply only to defendants convicted of federal crimes and sentenced in federal court.  *Cf. Cummings v. Baker*, 130 Fed. Appx. 446, 447-49 (11th Cir. 2005) (unpublished opinion) (upholding district court's dismissal of state prisoner's request to be paroled on the ground that the Federal Sentencing Guidelines only applied to defendants convicted and sentenced in the federal court); *Myott v. Berghuis*, 2009 U.S. Dist. LEXIS 93571, at *7-8 ( E.D. Mich. Oct. 7, 2009) ("The Federal Sentencing Guidelines apply only to sentences for federal criminal violations.").

2

Second, even if the Fair Sentencing Act were applicable to state court convictions, Petitioner would not be entitled to relief because the Eleventh Circuit Court of Appeals has held that the Fair Sentencing Act does not apply to individuals who committed crimes and were sentenced prior to the Act's effective date of August 3, 2010. *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam). *See also United States v. Nelson*, 2011 U.S. App. LEXIS 12507, at *2-3 (11th Cir. June 20, 2011) (unpublished opinion) ("[B]ecause the [Fair Sentencing Act] took effect in August 2010, after Nelson committed the offense and was sentenced, it is not applicable to the instant case.") (citing *Gomes*, 621 F.3d at 1346).

Accordingly, the Court **ORDERS** that:

1.      Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2.      The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court further **ORDERS** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable  jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

3

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4